```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| WALTER ROBINSON, | CIVIL ACTION NO. 06-935 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| HOME DEPOT, INC., et al., |  |
| Defendants. |  |

**THE COURT** ordering the parties to show cause why (1) the claims brought under 42 U.S.C. § 1981 ("Section 1981") and Title VII should not be dismissed, and (2) the remaining claims should not be dismissed without prejudice to reinstate in state court (dkt. entry no. 3); and the plaintiff bringing this action to recover damages for employment discrimination, and asserting jurisdiction under 28 U.S.C. § 1331 ("Section 1331") (Am. Compl., at 2); and

**IT HAVING APPEARED** that the plaintiff — as to the Title VII claim — failed to (1) exhaust administrative remedies before commencing the action, and (2) receive notice of the right to sue from the Equal Employment Opportunity Commission ("EEOC"), see 42 U.S.C. § 2000e-5(e), (f)(1), Hicks v. ABT Assocs., 572 F.2d 960, 963 (3d Cir. 1978), Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976); and the plaintiff asserting in response that (1) he filed an EEOC charge in 2004, (2) he "had an additional meeting with them [sic] in early 2005," (3) "[n]o

investigation was ever done," and (4) he "considered the EEOC action a waste of time and sought to resolve the issue through the internal mechanisms of [his employer]" (Pl. Resp., at 1-2); and thus the plaintiff admitting that he failed to receive notice of the right to sue from the EEOC or any other government agency; and the Court, therefore, intending to dismiss the claim brought under Title VII; and the Court noting that 42 U.S.C. § 2000e-16(c) — which concerns bringing an action if the EEOC fails to act — pertains to federal-government employees only, and thus the plaintiff's reliance thereon is misplaced (Pl. Resp., at 2); and

**IT HAVING APPEARED** that the plaintiff's 67-page submission — which consisted of a 34-page amended complaint and 33 pages of exhibits — failed to comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure ("Rules"); and the Court having been unable to discern a proper Section 1981 claim therein; and it appearing that (1) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and (2) the claims must be (a) presented "in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances," and (b) stated "in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth," Fed.R.Civ.P. 8(a)(2), 10(b); and the Court having advised the plaintiff that pages 2 through 33 of the

amended complaint presented a hodgepodge of allegations that were verbose, unnumbered, and — in part — irrelevant (Order to Show Cause, at 2); and the Court having advised the plaintiff that he was merely required to allege "(1) that he is a member of a protected class, (2) that he was subject to an adverse employment action, and (3) that similarly situated members of other racial classes were treated more favorably," Tucker v. Merck & Co., 131 Fed.Appx. 852, 854-55 (3d Cir. 2005) (Order to Show Cause, at 3); and the Court having advised the plaintiff that the Section 1981 claim would be dismissed unless he further amended the entire amended complaint to be in compliance the Rules (id. at 2-3); and the plaintiff submitting in response a proposed second amended complaint that is one page longer than the amended complaint (dkt. entry no. 5); and it appearing that the proposed second amended complaint, "over the course of thirty-[five] pages," is still "unnecessarily complicated, and extremely verbose," Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 543-44 (3d Cir. 2005); and thus the plaintiff failing to abide by the Court's specific directions; and the Court, therefore, intending to dismiss the Section 1981 claim;[1] and

---

[1] A Section 1981 claim can be presented in a more succinct fashion. See Turner v. Filterfresh, Dkt. No. 05-2781 (MLC), dkt. entry no. 1 (seven-page complaint containing, among other claims, a Section 1981 claim); Yanes v. Minute Maid Company, Dkt. No. 02-2712 (MLC), dkt. entry no. 55 (six-page amended complaint containing same).

**IT APPEARING** that only state-law claims will remain here; and the Court intending to dismiss those claims without prejudice to reinstate in state court, see 28 U.S.C. § 1367(c)(3), (d) (authorizing court to decline exercise of supplemental jurisdiction over state-law claim if original-jurisdiction claim is dismissed, and tolling limitations period for state-law claim to be brought in state court); and

**IT HAVING BEEN BROUGHT TO THE COURT'S ATTENTION** that an employee of the plaintiff's counsel — who identified himself as Raymond Bey — (1) made extensive telephone calls to Chambers and the Clerk's Office, and (2) acted in a disrespectful manner during those calls when inquiring as to the status of the Court's order to show cause; and the Court advising the plaintiff's counsel that such behavior is not acceptable when practicing before this Court; and for good cause appearing, the Court will issue an appropriate order, judgment, and notice.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge